**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 26 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JUAN OLIVAS CRUZ,

      Defendant - Appellant.

No. 98-6071
(D.C. No. CR-97-83-A)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, and **LUCERO**, Circuit Judges, and **KIMBALL**, District Judge.[**]

On September 17, 1997, Juan Olivas Cruz pleaded guilty in federal district court to a violation of 21 U.S.C. § 841(a)(1) for possessing with intent to distribute one ounce of cocaine powder and a violation of 18 U.S.C. §§ 2 and 1956(a) for causing a $2000 wire transfer of proceeds from unlawful activity. The district court sentenced Cruz to serve 262 months on the first count and 240

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]The Honorable Dale A. Kimball, United States District Court for the district of Utah, sitting by designation.

months on the second count, to run concurrently, and to pay a $20,000 fine. On appeal, Cruz argues the district court erroneously believed it lacked authority to depart downward sua sponte from the Sentencing Guidelines for the "substantial assistance" Cruz rendered to the prosecution. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and affirm the sentence issued by the district court.

Juan Olivas Cruz led a drug ring based in Enid, Oklahoma. After his arrest, Cruz agreed to cooperate with the FBI and United States Attorney's office, providing them information on his fellow dealers at several meetings. When Cruz was ready for sentencing, however, the U.S. Attorney's office did not make a motion for a downward departure based on Cruz's "substantial cooperation" against his fellow dealers, pursuant to U.S.S.G. § 5K1.1. Instead, the U.S. Attorney's office furnished the court with a "cooperation memo" which stated that Cruz had provided some information that conflicted with information provided by other witnesses.

At the sentencing hearing, Cruz requested that the district court depart from the Guideline range based on his "substantial cooperation." The district judge commented on the government's "cooperation memo" and the conflicting information Cruz had provided, posing questions to both the government and Cruz's attorney. The district judge concluded by stating, "[w]ell, nothing is

presented here that would move me to depart from the guideline range." The court imposed a sentence within the range mandated by the Guidelines.

We "cannot exercise jurisdiction to review a sentencing court's refusal to depart from the Guidelines, either upward or downward, unless the court refused to depart because it interpreted the Guidelines to deprive it of the authority to do so." United States v. Fortier, 180 F.3d 1217, 1231 (10th Cir. 1999) (citations omitted). "Equally clear in our circuit . . . is that we treat ambiguous statements made by district judges as though the judge was aware of his or her legal authority to depart but chose instead, in an exercise of discretion, not to depart." Id.

In the present case, there is simply no evidence to support Cruz's claim that the district court believed it lacked authority to depart downward from the Guidelines. The judge merely stated that "nothing is presented here that would move me to depart from the guideline range." Even if that statement contains ambiguity (which in our view it does not), we are still precluded from reviewing the court's decision not to depart from the Guideline range. See id.

Because we are unable to review refusals of the district court to depart from the Guideline range, we AFFIRM the district court's sentence and DISMISS this case.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge
